IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY S. VODENICHAR, et al,

    Plaintiffs,                               12cv1624
                                                        **ELECTRONICALLY FILED**
        v.

HALCON ENERGY PROPERTIES, INC.,

    Defendant.

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion seeking a Court Order permitting them to Voluntarily Dismiss their action pursuant to Fed.R.Civ.P. 41(a)(2). Doc. No. 33. As explained in their Motion, and as evidenced by their Complaint, Plaintiffs brought this class action lawsuit for breach of contract against Defendant, Halcon Energy Properties, Inc. ("Halcon"). Doc. Nos. 1 and 33. Plaintiffs' Complaint, which was predicated solely on diversity jurisdiction[1] claimed that Halcon had entered into gas and oil leases with the Plaintiffs and agreed to pay each Plaintiff an amount set forth in the "Orders for Payment" which each Plaintiff executed and tendered to Halcon. Doc. no. 1, ¶ 35.

Although Plaintiffs did not sue Co-eXprise, Inc. ("CX-Energy"), they identified this entity as a Pennsylvania corporation which was in the business of "marketing oil and gas rights of landowners [such as Plaintiffs] to gas and energy firms[.]" Id., ¶ 9. Plaintiffs also identified Moracyzk and Polochak ("M&P) as a "law firm" located in Pennsylvania. Id. Plaintiffs then alleged that M&P "worked together with CX-Energy" to form a "bargaining group for Mercer

---

[1] Plaintiffs' Complaint states that "each of the individual and representative Plaintiffs" was a citizen of Pennsylvania, but Defendant was a resident of Texas and Delaware. The Complaint also pled that the amount in controversy for the lead Plaintiff, Jeffrey Vodenichar, and for other Plaintiffs, namely David and Leigh King (husband and wife), exceeded the $75,000.00 monetary threshold. Doc. No. 1, ¶ 6.

County landowners" (*i.e.,* Plaintiffs), with the goal of obtaining "higher bonus payments, higher royalty rates[,] and more attractive terms" from gas and energy companies (*i.e.,* Halcon), by offering the Plaintiffs' lands as a whole. Id., ¶¶ 10-11. According to the Complaint, all of the Plaintiffs in this class action were part of the "bargaining group" which became known as "Mt. Jackson IV Landowner Group." Id., ¶ 12.

Plaintiffs' Complaint further alleges that in order to accomplish this goal, CX-Energy and M&P entered into contracts – Landowner MarketPlace Agreements ("LMAs") – with "thousands of landowners in Mercer County" which entitled CX-Energy and M&P to "earn a transaction fee for each lease they negotiated between a landowner in the group and a gas company." Id., ¶¶ 12-13. The Complaint further alleges that on June 2, 2012, Halcon entered into an agreement with CX-Energy and M&P, who were acting as agents for the members of the Mt. Jackson IV Landowner Group, *i.e.,* Plaintiffs, wherein Halcon agreed to lease up to 60,000 acres of the oil and gas rights from the landowners who had LMAs with CX-Energy and M&P (the "Halcon Contract").[2] Id., ¶¶ 17-18.

This Court held an Initial Case Management Conference with the parties in open Court on January 16, 2013, and the proceedings were recorded. On January 16, 2013, the Court entered a Case Management Order requiring, in part, the parties to: (1) exchange all Rule 26(a)(1) information on or before January 25, 2013; (2) file all Amended Pleadings on or before February 28, 2013; and (3) exchange discovery on or before June 14, 2013. Doc. No. 23. This same Order also required Plaintiffs' Expert Reports as well as their Motion for Class Certification to be submitted by June 28, 2013. Id. The Court further ordered submission of Defendant's Expert Reports and its Response to Class Certification by July 12, 2013. The Court

---

[2] Although Plaintiffs attached their respective LMAs with CX-Energy and M&P, they did not attach a copy of the Halcon Contract to their Complaint, purportedly due to a confidentiality clause contained within the body of that agreement. Id., ¶ 18.

set a hearing date of September 11, 2013, for the parties to argue the Motion for Class Certification. Id.

Shortly after the Initial Case Management Conference, on January 24, 2013, in compliance with Fed.R.Civ.P. 16, and L.R. 16.2, the parties filed a Stipulation Selecting Alternative Dispute Resolution ("ADR") Process. Doc. No. 24. The parties indicated in their Stipulation that they had agreed to allow Dan Sandman to conduct an ADR session on or before March 29, 2013. Id. Accordingly, this Court issued an Order referring this matter to Mr. Sandman noting that he was to conduct an early neutral evaluation to be followed by mediation, and that Plaintiffs (as a group) and Defendant were to equally bear the cost of his services. Doc. No. 25. On February 11, 2013, at Halcon's request, this Court modified its ADR Order allowing the parties until April 15, 2013, to conclude their ADR conference with Mr. Sandman. Doc. No. 30.

As noted above, on February 22, 2013, Plaintiffs filed the pending Motion seeking a Court Order permitting them to Voluntarily Dismiss this lawsuit. Doc. No. 33. In their Brief in Support of same, Plaintiffs noted that Defendant had recently indicated it intended to join CX-Energy and M&P, thereby destroying diversity and stripping this Court of subject matter jurisdiction. Doc. no. 34, p. 2. In addition, Plaintiffs noted that due to Halcon's allegations that CX-Energy and M&P changed the language of the Halcon Contract, and these allegations – if true – created claims for Plaintiffs against CX-Energy and M&P. Id. As a result of Halcon's allegations, Plaintiffs, not wanting to destroy this Court's diversity jurisdiction, filed a lawsuit in the Court of Common Pleas of Mercer County against CX-Energy and M&P.[3] Id.

---

[3] Plaintiffs' lawsuit has been filed in Pennsylvania's Court of Common Pleas of Mercer County at civil docket number 2013-512 on February 22, 2013.

This Court concurs that Plaintiffs cannot bring their claims against CX-Energy and M&P in this Court, without destroying diversity. As the Court has already explained, Plaintiffs' Complaint solely asserts diversity as the foundation for this Court's subject matter jurisdiction. See 28 U.S.C. § 1332(a) and Doc. No. 1 ¶¶ 6-7.

In its Response to Plaintiffs' Motion to Dismiss, Halcon contends that it "does not oppose Plaintiffs' desire to join CX-Energy and M&P as defendants in this action[,]" and Halcon also agrees that "Plaintiffs' claims against Halcon, CX-Energy and M&P [should be] heard by a single Court." Doc. no. 35, p. 2. However, Halcon also urges this Court to retain jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because of the discovery produced to date by the current parties to this federal lawsuit, the nature of the discovery produced (specifically, the electronic discovery), as well as the pending ADR process. Id. Halcon's Response also suggests that Plaintiffs knew of their potential claims against CX-Energy and M&P at the time they filed this federal lawsuit solely against Halcon. Id., p. 1.

Halcon's Response requests that this Court retain jurisdiction of this matter under CAFA's local controversy exception (see doc no. 36, pp. 3-4), in part, because Halcon has been subjected to the "extremely costly and time-consuming discovery in order to produce electronic discovery in a timely fashion under the federal rules."[4] Id., p. 4. Halcon's Response alternatively requests that if this Court order the return of all electronic discovery in native format if Plaintiffs' Motion is granted. Id., p. 5.

This Court notes for the record that Plaintiffs' jurisdictional statement in their Complaint does not raise CAFA as a jurisdictional basis. This Court will grant Plaintiff's Motion to Voluntarily Dismiss this action for the following reasons: (1) the parties' agree that all claims

---

[4] Plaintiffs requested leave to file a Reply to the portion of Halcon's Response concerning the possibility that this Court retain jurisdiction under CAFA. See Doc. No. 37. This Court shall enter a subsequent Order denying Plaintiffs' Motion to file a Reply as moot in light of this Memorandum Order.

should be brought together in one forum, (2) federal diversity would be destroyed if the claims against CX-Energy and M&P were joined to this federal action, and (3) because CAFA was not pled by Plaintiffs in their Complaint as a basis for this Court's jurisdiction over the claims asserted against Defendant Halcon, this Court will not take a position at this juncture as to whether CAFA – if it had been pled by Plaintiffs as a basis for federal court jurisdiction – would provide the requisite federal jurisdiction over the claims. See *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them). However, this Court notes that the Pennsylvania State Courts are intimately familiar and regularly adjudicate claims pertaining to the contracts concerning oil and gas leases.

With respect to the pending ADR Order of Court (doc. no. 30), in light of the fact that Halcon has averred that it has already spent considerable time and money producing discovery pursuant to Rule 26, this Court finds that it would be in the best interests of the parties to this action to complete the ADR process as this Court previously ordered. Rule 26 disclosures and other discovery produced by the parties should not be returned in order to facilitate a meaningful ADR session with Mr. Sandman and will further assist the parties to this action in the state court action currently pending at docket no. 2013-512 in Pennsylvania's Court of Common Pleas for Mercer County.

**ORDER OF COURT**

AND NOW, this Court, upon consideration of the foregoing Motion to Dismiss (doc. no. 33) and Brief in Support filed by Plaintiffs (doc. no. 34), and Defendant's Response (doc. no. 35) and its Brief in Response (doc. no. 36), it is hereby **ORDERED** that Plaintiffs' Motion to

Voluntarily Dismiss their Complaint is **GRANTED** and that Plaintiffs' claims against Halcon over which this Court had original jurisdiction are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties to this federal lawsuit are required to complete the ADR process on or before April 15, 2013, as previously ordered at Doc. No. 30,a and that discovery already exchanged among the parties to this federal lawsuit in accordance with the Federal Rules of Civil Procedure, need not be returned to the respective producing parties.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel